UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

NATASHA HOLLAND,

    Plaintiff,

vs.  NO. 13-01198

METROPOLITAN GOVERNMENT OF,  **JURY DEMANDED**
NASHVILLE AND DAVIDSON COUNTY;
METROPOLITAN NASHVILLE POLICE DEPT.;  JUDGE SHARP
STEVE ANDERSON, METRO POLICE CHIEF; and  MAG. JUDGE BRYANT
PHILLIP SHULER, in his official and,
individual capacities.

## ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

### A. JURISDICTION

1. The Court has jurisdiction of this case due to a Federal question in that the Plaintiff have sued under 42 USC §1983 and 1988. Jurisdiction is based upon 28 U.S. C. §§ 1331 and 1343, and is not disputed. State law claims are based upon supplemental jurisdiction as the actions that give rise to the suit are based upon the same alleged set of facts and circumstances.

### B. THEORY OF PARTIES

1. **Plaintiff's Theory:** The Plaintiff, Natasha Holland, suffered damages as a result of the unlawful and unconstitutional acts of the Defendant Phillip Shuler, during a traffic stop on or about January 11, 2012. Plaintiff was injured when Defendant Shuler battered her, using unreasonable and excessive force during said traffic stop in violation of the Plaintiff's Fourth and Fourteenth Amendment Rights. Plaintiff asserts that the aforesaid violations were the direct and proximate result of Defendant Metropolitan Government of Davidson County, Metro Police Chief Steve Anderson, and Metropolitan Nashville Police Departments' improper policies and

decisionmaking, including failure to properly train, supervise and discipline its police officers, specifically with respect to Defendant Phillip Shuler.

2. **Defendants' Theory of the Case:**

    a. **Defendant Metropolitan Government:**

No custom, policy, or practice of the Metropolitan Government resulted in any deprivation of Plaintiff's constitutional or federal rights. Additionally, any alleged injury to Plaintiff did not result from the Metropolitan Government's failure to train, supervise, discipline, adequately hire, or oversee any of its employees. No conduct alleged in Plaintiff's complaint rises to the level of a constitutional violation.

    b. **Defendant Metropolitan Nashville Police Chief Steve Anderson:**

No action on the part of Chief Anderson resulted in a deprivation of Plaintiff's rights. Chief Anderson had no personal involvement with Plaintiff during the incident that is the subject of this lawsuit and in fact was not even on the scene. Chief Anderson did not acquiesce in or ratify any alleged improper conduct on the part of Defendant Shuler. Chief Anderson did not fail to train, supervise, discipline, adequately hire, or oversee Defendant Shuler or other employees. Chief Anderson is further entitled to qualified immunity on Plaintiff's claims.

    c. **Defendant Metropolitan Nashville Police Department:**

The Metropolitan Nashville Police Department is not an entity capable of being sued and thus should be dismissed as a Defendant in this lawsuit.

    d. **Defendant Phillip Shuler**

Defendant Phillip Shuler denies that he violated any clearly established constitutional right to which Plaintiff was entitled. He further denies that he is liable to Plaintiff on any state-law claim. In fact, his actions were objectively reasonable and he had probable cause to arrest

Plaintiff. Under the rapidly evolving circumstances of the incident he employed only such force as was reasonably necessary to apprehend and control Plaintiff. Moreover, Plaintiff's own acts or omissions were the proximate cause of her injuries.

### C.  ISSUES RESOLVED

Jurisdiction and venue are not challenged.

### D.  ISSUES STILL IN DISPUTE

Liability and damages are in dispute.

### E.  INITIAL DISCLOSURES

The parties shall exchange Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before January 27, 2014.

### F.  DISCOVERY

The parties shall complete all written discovery and depose all fact witnesses on or before July 31, 2014. Discovery is not stayed during dispositive motions unless ordered by the Court.

All motions relating to discovery must be filed on or before August 15, 2014. No motions concerning discovery are to be filed unless the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Bryant.

### G.  SUBSEQUENT CASE MANAGEMENT CONFERENCE

The parties shall participate in a subsequent case management conference on June 25, 2014, at 10:00 a.m. The subsequent case management conference will be conducted by telephone and counsel for plaintiff will initiate the call.

## H.  MOTIONS TO AMEND

The parties shall file all Motions to Amend the Complaint or to add parties on or before February 25, 2014.

## I.  DISCLOSURE OF EXPERTS

The Plaintiff shall disclose her expert witnesses by July 31, 2014, and the Defendant shall disclose its expert witnesses by August 30, 2014.

## J.  DEPOSITION OF EXPERT WITNESSES

Depositions of expert witnesses shall be completed by October 30, 2014.

## K.  DISPOSITIVE MOTIONS

The parties shall file all dispositive motions on or before December 8, 2014.  Responses shall be due 28 days after the date the motion is filed, and the reply shall be filed 14 days after the date the response is filed.  If dispositive motions are filed early, the response and reply dates are moved up accordingly.  Memoranda in support of the motion or response are limited to twenty-five (25) pages absent Court permission for a longer pleading.  If a reply is filed, it is limited to five (5) pages absent Court permission for a longer pleading.

## L.  ELECTRONIC DISCOVERY

The parties have reached agreements on how to conduct electronic discovery.  Thus, the default standard contained in Administrative Order No. 174 need not apply in this case.

Disclosure or discovery of electronically stored information will be handled by producing electronically stored information in hard-copy form, or, where the documents are voluminous, by making them available in paper form for inspection and review at an agreeable time and place. The parties have taken reasonable measures to preserve potentially discoverable information. The parties agree that discovery will not be unduly burdensome and will not impose unduly

expensive costs on either side, and that discovery will be limited to data reasonably available to the parties in the ordinary course of business.  The parties agree that discovery will be reasonable and will be limited to matters that are relevant to claims/defenses raised or likely to lead to the discovery of claims/defenses raised.

## M.  ALTERNATIVE DISPUTE RESOLUTION

The parties have not engaged in settlement discussions and have not determined whether alternative dispute resolution is appropriate.

## N.  ESTIMATED TRIAL TIME

Jury trial is set to begin on April 28, 2015, at 9:00 a.m. A pretrial conference shall be held on April 13, 2015, at 1:30 p.m. before Judge Sharp. Trial is expected to last three (3) to four (4) days. Judge Sharp will issue a separate order setting forth his requirements for trial at a later date.

It is so ORDERED.

*s/ John S. Bryant*
**MAGISTRATE JUDGE JOHN S. BRYANT**


APPROVED FOR ENTRY:

/s/ Paul W. Moser
Paul W. Moser, BPR No. 22205
Marc A. Walwyn, BPR No. 022431
1994 Gallatin Pike North, Suite 305
Madison, TN  37115
(615) 859-8668
paul.moser.esq@gmail.com
marc@walwynlaw.com
Attorneys for Plaintiff

/s/ Keli J. Oliver
Mr. Saul Solomon BPR No. 11689 Director of Law
Ms. Keli J. Oliver, BPR No. 21023
Mr. Derrick C. Smit, BPR No. 13961

Mr. R. Alex Dickerson, BPR No. 27184
Assistant Metropolitan Attorneys
P.O. Box 196300
Nashville, TN 37219
(615) 862-6341
keli.oliver@nashville.gov

John M.L. Brown_____
Mr. John M. L. Brown, BPR No. 5438
Attorney for Defendant Phillip Shuler
222 Second Avenue North, Suite 312
Nashville, TN 37202
(615) 242-3348
JohnMLBrown@aol.com